1811.
_____
Lessee of
DINKLE
*v.*
MARSHALL.

</div>

---

WAGGONER and another *against* LINE.

IN ERROR.

THIS was an action of debt upon a bond in the Common Pleas of *Dauphin*, to which the plaintiffs in error pleaded *non est factum* and *payment*.

On the day preceding the trial of the cause, their counsel moved for leave to withdraw the plea of *non est factum*, which the court refused to permit, and upon this writ of error being brought, he assigned it for error, stating the inconvenience of the court's decision to have been, that the counsel of the defendants were thus precluded from concluding.

*Goodwin* for plaintiffs in error.

*Laird* contra.

<div style="text-align:right">

*Lancaster,*
*Saturday,*
June 1.

It is not error in the Common Pleas to refuse leave to the defendant, immediately before the trial of the cause, to strike out the plea of *non est factum,* and to rely solely upon the plea of *payment.*

</div>

TILGHMAN C. J. The only error insisted on in the argument of this cause, is, that the court of Common Pleas would not permit the defendant to strike out the plea of *non est factum*, and go to trial on the plea of *payment*. By this, as is alleged in the assignment of errors, the defendant lost the advantage of the concluding speech to the jury, which he would have been intitled to by the rules of the court on his affirmative plea of payment.

The defendant contends, that he had an absolute right to strike out his plea of *non est factum*, by virtue of the act of 21st *March* 1806 (to regulate arbitrations &c.) In the sixth section, it is provided that " no plaintiff shall be nonsuited " for informality in any statement or declaration filed, or by " reason of any informality in entering a plea; but when in " the opinion of the court, such informality will affect the " merits of the cause in controversy, the plaintiff shall be " permitted to amend his declaration or statement, and the " defendant may alter his plea or defence, on or before the " trial of the cause; and if by such alteration or amendment " the adverse party is taken by surprise, the trial shall be " postponed to the next court." To give this clause the liberal construction to which all laws promoting amendments of pleadings are intitled, whenever the declaration of the plaintiff or the plea of the defendant is not sufficient to cover the *merits of the case*, an amendment may be made either *before* or even *during* the trial; but the court are to judge, whether the amendment is necessary to introduce the merits of the case. Now nothing can be more clear, than that the amendment desired by the defendant, did not affect the merits of his case. On the contrary, he avows that he only wanted to have the last word to the jury. This case then, does not fall within the meaning of the act of assembly. But what was the law before the making of the act? The court had in several instances refused permission to strike out one of the pleas, because they saw that it was a mere stratagem of the defendant, who having first taken the chance of the plaintiff's not being able to procure witnesses to prove the deed, and put him to the expense and trouble of bringing his witnesses, all at once assumed the appearance of candour in relinquishing a defence which could not be supported, but *in reality*

with a view of gaining that kind of advantage, which arises from the last speech to the jury. In every point of view, the error assigned in this cause is without foundation.

YEATES J. It is self evident, that by a defendant's withdrawing one of his pleas, and resting his defence on the pleas remaining, he cannot reach more readily the merits of his case. Whatever might be given in evidence on two of the pleas, might surely be given in evidence under the same pleas, and the additional one of *non est factum*. The motion for leave to strike out the plea cannot be founded on the act of 21st *March* 1806, which directs the amendment of the declaration or plea, " when in the opinion of " the court the informality would affect the merits of the " cause in controversy." The object of the sixth section of this act was to prevent nonsuits of plaintiffs, where the declarations were informal, and to attain the justice of every case on a full trial. Antecedently to the passing of this law, the point in question has been settled on solemn argument in *Wikoff et al.* v. *Perrot et al.*, *July* term 1791, and in *Jackson et al.* v. *Winchester*, *March* term 1800. In both cases it was held, that a defendant will not be permitted to withdraw one of his pleas on the eve of a trial to give him the benefit of conclusion to the jury.

Were it a new question, why should the practice be otherwise? If a defendant in the progress of the cause, finds that one of his pleas will not serve him, and that in all probability he will be subjected to an increase of costs by insisting on it, he may apply to the court at a previous term to strike out the plea, and the plaintiff on such leave being granted is saved the trouble and expense of adducing proof in support of that issue. This is reasonable and just on both sides. But where a plaintiff in consequence of the issues joined on record, has been at the trouble and expense of procuring his evidence, and his witnesses attend ready to be examined, why shall their examination be prevented by a sudden thought of the defendant, who has pretermitted the proper time for that purpose? The right of conclusion to the jury on the part of the defendant rests on his pleas being wholly in the affirma-

tive; and if he deems it of importance, he should shape his pleas so as to secure to himself this advantage. If he finds himself to be under a mistake as to one of his pleas, let that mistake be corrected in due season. Failing herein he must submit to the consequences.

I am of opinion, that the judgment of the court of Common Pleas be affirmed.

BRACKENRIDGE J. concurred.

Judgment affirmed.